Citation Nr: 1504647 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 11-26 308 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to service connection for a psychiatric disability, to include posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

Appellant and L.M.H.


ATTORNEY FOR THE BOARD

A. Odya-Weis, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1955 to October 1957. 

This case is before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision of the San Juan, Puerto Rico, Regional Office (RO) of the Department of Veterans Affairs (VA). 

In connection with this appeal, the Veteran was afforded a Decision Review Officer (DRO) hearing at the RO in March 2012. A transcript of the hearing is of record. 

When this issue was previously before the Board in August 2014, it was remanded for additional development and adjudicative action. The case has since been returned to the Board for further appellate action.

The record before the Board consists of electronic records within Virtual VA and the Veterans Benefits Management System.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2014). 


REMAND

Although the Board sincerely regrets the delay, further development is required before the claim of entitlement for service connection for a psychiatric disability, to include PTSD, is adjudicated. 

The Veteran contends that his service-connected tinnitus caused a nervous disorder. 

According to a May 2008 VA treatment record, the Veteran stated he believed he was treated unfairly in the military and reported symptoms of depressed mood, anxiety, anger, restless sleep, memory impairment, and frustration related to not being able to complete a military career due to a nervous breakdown. The diagnostic impression was major depression, recurrent, with psychosis. 

In connection with June 2008 VA treatment, the Veteran reported that he was sent to a psychiatric ward after hitting superiors he perceived were abusing their power. The Veteran was diagnosed with major depressive disorder, rule out anxiety, and rule out mood disorder due to medical condition (tinnitus). 

A September 2008 VA treatment record notes that the Veteran was very agitated and unable to stop talking about a bomb explosion that caused tinnitus in active service. The Veteran stated he wanted to die, believed a lack of pension for his children from the military was abuse, and felt aggressive towards "those who failed him." The Veteran was assessed with major depressive disorder with suicidal ideation, not improved.

In September 2011, the Veteran reported that he received psychiatric treatment in service because an ear injury caused tinnitus and, "after a while that sound in your head can cause you to go nuts." He indicated that he was not given any weapons and did simple chores after he was released from psychiatric treatment because the military thought he had mental problems.

According to an October 2011 VA treatment note, the Veteran stated he was having difficulty with his tinnitus, lack of balance, memory loss, and dizziness. He was assessed with major depression, non psychotic, and dementia, Alzheimer's type.

In connection with February 2013 VA treatment, the Veteran discussed how tinnitus affected his mood and the Veteran's wife indicated that he was forgetful and always talked about the past. The Veteran was assessed with major depression, non psychotic, dementia, Alzheimer's type vs. vascular type.

In an August 2013 VA examination, the VA examiner noted the Veteran was not a reliable historian due to dementia and diagnosed dementia not otherwise specified. The examiner opined that the Veteran's psychiatric disorder was less likely than not incurred in or caused by a claimed in-service injury, event, or illness. The examiner explained that the dementia overshadowed any other mental disorder and the claims folder did not provide evidence that he developed a mental disorder in service.

In the August 2014 Board remand, the originating agency was directed to obtain another VA opinion with respect to each acquired psychiatric disorder present during the pendency of the claim concerning whether the disorder was caused or aggravated by the Veteran's service-connected tinnitus or is otherwise related to active service. The rationale for each opinion was also to be provided.

In an October 2014 VA opinion, the examiner noted the Veteran's claims folder was reviewed and that the opinion requested was answered in an August 2013 VA examination report that found "at present time, Veteran's moderate to severe dementia overshadows any other medical disorder, and claims folder fails to provide evidence Veteran developed a mental disorder while in military service." The examiner concluded that the Veteran's claimed mental disorder was less likely than not incurred in or caused by the claimed in-service injury, event, or illness.

The Board notes that VA's duty to assist includes obtaining a VA examination and/or opinion when it is necessary to decide the claim. See 38 C.F.R. § 3.159(c) (4). A medical opinion must support its conclusion with an analysis the Board can consider and weigh against other evidence in the record. Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). Furthermore, a medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two. Nieves- Rodriguez v. Peake, 22 Vet. App. 295 (2008). 

The Board finds the October 2014 VA opinion inadequate because the VA examiner failed to address all requested inquiries. The examiner failed to provide an opinion with adequate supporting rationale as to whether the Veteran's psychiatric disability was caused or aggravated by the Veteran's service-connected tinnitus or is otherwise related to active service. The Board notes that the Veteran has a current disability for purposes of VA compensation when the disability is present at the time a claim for VA disability compensation is filed or during the pendency of that claim even though the disability resolves prior to the Secretary's adjudication of the claim. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). 

The evidence of record demonstrates that the Veteran has diagnoses of major depressive disorder and anxiety disorder during the period of the claim. The October 2014 examiner failed to provide an opinion for each acquired psychiatric disorder present during the period of the claim. Additionally, the examiner failed to provide a rationale that accounted for VA treatment records noting that tinnitus affected the Veteran's mood and diagnosis of rule out mood disorder due to medical condition (tinnitus) as well as the Veteran's statements that tinnitus resulted in in-service psychiatric treatment. Therefore, the claim must be remanded for another VA opinion. Since the prior examiner appears to be unable to provide the required opinions, the Veteran should be provided another VA examination by a qualified examiner.

As the case must be remanded, efforts should be made to obtain all outstanding records pertinent to the issue on appeal, including any VA treatment records from October 2014 to the present.

Accordingly, this case is REMANDED to the RO or the Appeals Management Center (AMC), in Washington, D.C., for the following actions:

1. The RO or the AMC should undertake appropriate development to obtain any outstanding records pertinent to the issue on appeal, to include VA Medical Center treatment records for the time period from October 2014 to the present.

2. Then, the Veteran should be provided an examination by a psychiatrist or psychologist, other than the August 2013 examiner, to determine the nature and etiology of all acquired psychiatric disorders present during the period of the claim. All pertinent evidence of record must be made available to and reviewed by the examiner. 

Based on the review of the Veteran's pertinent history and the examination results, the examiner should identify each acquired psychiatric disorder present during the period of the claim. With respect to each such disorder, the examiner should provide an opinion as to whether there is a 50 percent or better probability that the disability is etiologically related to the Veteran's active service, and if not, an opinion as to whether there is a 50 percent or better probability that the disorder was caused or permanently worsened by the Veteran's service-connected tinnitus. 

The examiner is directed to specifically comment on a June 2008 VA treatment note's diagnosis of rule out mood disorder due to medical condition (tinnitus), and a September 2011 statement by the Veteran that psychiatric treatment in service was due to tinnitus. 

The rationale for all opinions expressed must also be provided. If the examiner is unable to provide any required opinion, he or she should explain why. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation as to why this is so. If the inability to provide a more definitive opinion is the result of a need for additional information, the examiner should identify the additional information that is needed. 

3. The Veteran must be given adequate notice of the date and place of any requested examinations. A copy of all notifications, including the address where the notice was sent, must be associated with the record if the Veteran fails to report for any scheduled examination. The Veteran is to be advised that failure to report for a scheduled VA examination without good cause shown may have adverse effects on his claim. 38 C.F.R. § 3.655.

4. The RO or the AMC should also undertake any other development it determines to be warranted.

5. Then, the RO or the AMC should readjudicate the issue on appeal. If any benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative should be furnished an appropriate supplemental statement of the case and be afforded the requisite opportunity to respond. Thereafter, the case should be returned to the Board for appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action until he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

As noted above this case has been advanced on the Board's docket. It must also be handled in an expeditious manner by the RO or the AMC. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).